NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 18 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARMEN BAGUMIAN; ANNA
BAGUMIAN; DAVID BAGUMIAN,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-6800

Agency Nos.
A220-287-773
A220-287-774
A220-287-775

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 14, 2025**
Pasadena, California

Before: NGUYEN, FORREST, and VANDYKE, Circuit Judges.

Petitioner Armen Bagumian, a native and citizen of Russia, alleges

persecution faced in Russia on account of his membership in a particular social

group of ethnic Armenians, and in Armenia on account of his political opinion.[1]

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Petitioner's wife, Anna Bagumian, and minor son, David Bagumian, filed separate asylum applications. The applications are substantively similar to

Petitioner seeks review of a dismissal of his appeal from the Board of Immigration Appeals ("BIA"). An immigration judge ("IJ") (collectively with the BIA, "agency") denied his claims for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") after finding that he did not testify credibly. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"When, like here, the BIA issues its own decision but adopts particular parts of the IJ's reasoning, we review both decisions." *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). We review adverse credibility findings for substantial evidence, such that they are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (cleaned up).

1. Substantial evidence supports the agency's adverse credibility determination. The BIA affirmed the adverse credibility finding based on five grounds relied upon by the IJ. These grounds are (1) an inconsistency regarding Petitioner's residency, (2) an inconsistency regarding an investigation of a fire at Petitioner's workshop, (3) the implausibility of Petitioner's claim that everyone in Armenia's capital knew "each other's political party membership" and that

Petitioner's, and the IJ adjudicated them together. Petitioner provided the only declaration and witness testimony in support of all three applications. We therefore discuss his claim but the analysis applies to all the petitioners.

2

Petitioner was a "pariah" due to his political affiliation, (4) Petitioner's repeated return trips to Russia, and (5) the implausibility of Petitioner "walking at night in an area where skinheads were known to attack non-Russians."

We conclude that substantial evidence supports the IJ's adverse credibility finding based on the residency inconsistency. Petitioner's application only listed his registered addresses in Russia, but he admitted that he "went back and forth between Russia and Armenia" in his declaration and testimony. This inconsistency is not "trivial" as Petitioner's time living in localities where he allegedly faced persecution is "at issue." *Mukulumbutu v. Barr*, 977 F.3d 924, 926 (9th Cir. 2020). Petitioner explained that "registered addresses are considered official addresses in many parts of the world." The IJ considered this explanation but did "not find [it] credible" as Petitioner was represented by counsel that had "practic[ed] immigration law for decades." The IJ was not required to accept Petitioner's explanation after providing a specific and cogent reason for rejecting it. *See Blanco v. Mukasey*, 518 F.3d 714, 721 (9th Cir. 2008).

The fire investigation inconsistency also supports the adverse credibility finding. Petitioner "provided inconsistent testimony regarding whether the police investigated the fire at his workplace," as he "said none was conducted but also said an 'expert' determined there was an electrical short." Petitioner failed to

3

explain this inconsistency. This inconsistency is not trivial, as the fire was one of the alleged acts of persecution he experienced.

The IJ also found Petitioner's testimony that everyone in Armenia's capital knew each other's political affiliation "implausible given the capital's population." Petitioner explained that the capital "is a small city, and everybody at work, at places where people know each other, know of each other's political affiliation." The IJ was not required to accept this explanation where "reasonable minds could differ" regarding the proper interpretation of the evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) (cleaned up). Here, substantial evidence supports the IJ's view that Petitioner exaggerated the degree that individuals' political affiliations were known to "everyone" in order to support his political persecution claim.

These grounds are sufficient to conclude that the agency's adverse credibility determination is "supported by the totality of the circumstances," *Kumar v. Garland*, 18 F.4th 1148, 1151 (9th Cir. 2021), so we do not address the remaining grounds.

2. Petitioner did not exhaust his argument that the agency erred in denying CAT relief because he failed to raise this challenge before the BIA. We therefore do not address this challenge. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

4

3. Finally, we reject Petitioner's argument to remand based on alleged changed country conditions in Russia and Armenia. Like the denial of CAT relief, these arguments were not raised before the BIA.

**PETITION DENIED.**[2]

---

[2] We also deny Petitioner's motion to stay order of removal (Dkt. No. 2).